**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DAVID BALL,** *et al,* ) | **CASE NO. 1:12CV0604** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **OCWEN LOAN SERVICING, LLC,** ) | |
|   **et al.,** ) | |
| ) | |
| **Defendants.** ) | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court pursuant to the consent of the parties. (Doc. No. 20.) In this debt collection and consumer protection case, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Felty & Lembright, Co., L.P.A. ("Felty") separately filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. Nos. 4 & 6.) The motions are fully briefed. (Doc. Nos. 12. 14, &15.)

Also pending before the Court is Plaintiff's motion for leave to file a sur-reply brief. (Doc. No. 15.) Defendant Felty filed a motion to strike portions of the complaint under Fed.R.Civ.P. 12(f) (Doc. No. 5), as well as a motion to strike Plaintiffs' motion for leave to file a sur-reply brief. (Doc. No. 17.)

**I. Procedural Background**

On January 26, 2012, David and Kelly Ball ("Plaintiffs"), filed a Complaint in Cuyahoga County Common Pleas Court alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code ("O.R.C") § 1345, *et seq*. On March 12, 2012, Defendants filed a timely Notice of Removal to this Court based upon federal question jurisdiction. (Doc. No. 1.)

The FDCPA confers jurisdiction upon district courts over claims made pursuant to the Act "regardless of the amount in controversy," if the claim is brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiffs' state law claim. *See* 28 U.S.C. § 1367.

## II. Factual Allegations

According to the allegations in the Complaint, Plaintiffs are the owners of real property in Cuyahoga County that was the subject of a foreclosure action. (Doc. No. 1-1, ¶ 1.) Felty, a law firm, filed a foreclosure complaint "c/o Ocwen" in the Cuyahoga County Common Pleas Court on May 11, 2010.[1] *Id*. at ¶ 3. Ocwen was the servicer of the mortgage.[2] *Id*. at ¶ 2. Felty represented the named plaintiff, "CitiBank, N.A, as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2005-CL1, Asset-Backed Certificates, Series 2005-CL1." *Id*. at ¶ 7.

On July 1, 1998, Plaintiffs executed the mortgage and loan documents with Advanced Financial Services, Inc., including an allonge to ContiMortgage Corporation ("ContiMortgage"). *Id*. at ¶ 8, Exh. B. Simultaneously, Advanced Financial assigned the mortgage to ContiMortgage *Id*. at Exh. C. Plaintiffs assert that no other allonges or indorsements were made. *Id.* at ¶ 10.

On February 5, 2001, ContiMortgage assigned the mortgage to Manufacturers and Traders Trust Company Trustee for Securitization Series 1998-3 ("Manufacturers"). *Id*. at ¶ 11, Exh. D.

On August 11, 2009, Manufacturers and Traders Trust Company assigned the mortgage and endorsed an allonge to CitiBank, N.A., as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2005-CL1, Asset-Backed Certificates, Series 2005-CL1 ("CitiBank"). *Id.* at ¶¶ 12, 13, 16, Exh. E. The cut-off date for this trust was October 1, 2005. *Id.* at ¶ 14. The assignment and allonge were prepared by an employee of Ocwen. *Id.* at ¶¶ 15,

---

[1] Plaintiffs attached this complaint as Exhibit A.

[2] "Loan servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3).

16, Exh. E.

After the foreclosure court approved the Plaintiffs request for mediation, several sessions were held. At mediations held on September 23, 2010, and October 21, 2010, Defendants made false representations about the ownership of the note and mortgage. *Id*. at ¶¶ 18, 19, 20. After a December 2, 2010 mediation, the court entered a journal entry ordering CitiBank to bring a calculation of the reinstatement figure to the next mediation. *Id.* at ¶ 21. Without discussing the content of any statements, Plaintiffs assert that Felty made false representations about reinstatement, as Felty's client did not own the note and mortgage. *Id*. at ¶ 22. Prior to the scheduled mediation on February 28, 2011, Plaintiffs retained counsel. At the February mediation hearing, counsel questioned CitiBank's ownership of the note and mortgage based upon his determination that the assignment was executed after the cut-off date of the trust. *Id*. at ¶¶ 23, 24.

On March 3, 2011, through a journal entry, the court ordered CitiBank to submit copies of investor guidelines. *Id*. at ¶ 25. Instead, on March 14, 2011, CitiBank voluntarily dismissed the foreclosure action against Plaintiffs. *Id*. at ¶ 26.

Specifically, under the FDCPA, Plaintiffs allege that they are consumers who entered into a mortgage loan as defined in 15 U.S.C. § 1692(a)(1), (5). *Id.* at ¶¶ 28, 29. They contend that Felty, as a debt collector, used "false, deceptive and/or misleading statements" or "unfair and/or unconscionable conduct" in a state foreclosure action against them. *Id*. at ¶¶ 31, 32. Plaintiffs assert that the "assignment of mortgage attached to the complaint as Exhibit E was created after default by Ocwen Loan Servicing LLC so Defendant Felty was not collecting its client's own debt and is subject to liability." *Id*. at ¶ 33.

Regarding Plaintiffs' OCSPA claim, they allege that they are consumers and Ocwen and Felty are suppliers as defined by O.R.C. § 1345.01. *Id*. at ¶¶ 35-37. Plaintiffs assert that their mortgage was a consumer transaction as it was primarily used for personal, family, or household use. *Id*. at ¶ 38. They contend that "Defendants made false or misleading representations . . . which were unfair and deceptive practices in violation of R.C. 1345.02(B)(10) because Defendants represented to the Plaintiffs that a legal obligation existed to the foreclosing Plaintiff

3

[CitiBank] when that was false." *Id*. at ¶ 41. Plaintiffs seek actual damages as well as statutory damages, costs and attorney fees. *Id*. at ¶¶ 43, 44.

Defendants filed Motions to Dismiss arguing that dismissal is appropriate for several independent reasons. First, the Defendants argue that Plaintiffs' FDCPA claims are barred by the applicable statute of limitations. Second, Defendants contend that, even if Plaintiffs timely filed their claims, they nonetheless fail because the Defendants are not "debt collectors" under the FDCPA or "suppliers" under OCSPA. Defendants further contend that Plaintiffs' claims must fail because they are premised upon privileged statements and representations made during confidential mediation sessions. Lastly, they argue that Plaintiffs lack standing to challenge the allonge and mortgage assignment.

### III. Standard of Review

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly*). To determine whether a complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Furthermore, "[a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (*citing Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999)). "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (*quoting Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)) (citing cases), *cert. denied*, 397 U.S. 1065 (1970)).

### IV. Law and Analysis

**A. Statute of Limitations - FDCPA**

Defendants argue that the FDCPA claims are time-barred as the complaint was filed beyond the limitations period. (Doc. No. 6 at 3; Doc. No. 4 at 5.) Plaintiffs assert that the instant action was filed timely as the discovery of the "misrepresentation" by the Defendants took place at a mediation session held on January 26, 2011, when Defendants "pretend[ed] to have a legal right to enforce the note and mortgage." (Doc. No. 12 at 4, 5.)

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) (*quoting* 15 U.S.C. § 1692(e)). In order to determine if a debt collector's practice is a violation of the FDCPA, courts must apply the objective "least-sophisticated-consumer" test. *Kistner v. Law Offices of Michael P. Margelefsky LLC*, 518 F.3d 433, 438 (6th Cir. 2008). This test is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id*. (*quoting Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007)).

Claims brought under the FDCPA are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). According to the plain language of §1692k(d), the statute of limitations begins to run at the moment the violation occurs, without regard to when the plaintiff gained knowledge of the cause of action. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d 914, 944 (N.D. Ohio Mar. 17, 2009); *In re Rice-Etherly*, 336 B.R. 308, 313 (Bankr. E.D. Mich.2006) ("The statute of limitations [in the FDCPA] is a jurisdictional limitation placed on federal courts by Congress which courts are not at liberty to disregard."); *Shivone v. Washington Mutual Bank*, 2008 WL 3154702, *2 (E.D. Pa. Aug. 5, 2008).

Courts, however, have come to different conclusions as to whether the limitations period is triggered by the filing of the debt collection action or the service of the complaint. *Langendorfer v. Kaufman*, 2011 WL 3682775, *2 (S.D. Ohio Aug. 23, 2011) *citing Beeler–Lopez v. Dodeka, LLC*, 711 F.Supp.2d 679, 681–682 (E.D. Tex. 2010) (to "bring an action" means to sue or institute legal proceedings); *Oglesby v. Rotche*, No. 93 C 4183, 1993 WL 460841, 1993 U.S. Dist. LEXIS 15687, *31 (N.D. Ill., Nov. 5, 1993) (the FDCPA venue

5

provision is in the nature of a statutory tort which is completed upon the filing of an action in an improper venue), *but see, Johnson v. Riddle*, 305 F.3d 1107, 1113–15 (10th Cir. 2002) (rejecting argument that FDCPA violation occurred upon filing rather than service, finding that filing is merely "half an actionable wrong"); *Zigdon v. LVNV Funding, LLC*, No. 1:09–CV–0050, 2010 U.S. Dist. LEXIS 53813, at *31, 2010 WL 1838637 (N.D. Ohio, Apr. 23, 2010) (finding FDCPA statute of limitations began to run at the time of service); *Ruth v. Unifund CCR Partners*, No. 5:08–CV–2689, 2009 WL 585847, at *7 (N.D. Ohio Mar. 6, 2009) ("*Ruth I*") (noting that courts are split, and the Sixth Circuit has never addressed the issue)).

Here, the state foreclosure complaint was filed on May 11, 2010, with service effected on May 28, 2010. *See* http://cpdocket.cp.cuyahogacounty.us. The instant action was filed on January 26, 2012, in the common pleas court, well after one year later.

Plaintiffs argue that the limitations period should be calculated from a state court mediation session held on January 26, 2011, when the Defendants misrepresented that they had a legal right to enforce the note and mortgage.

Courts have found that maintaining a lawsuit is not a "continuing violation" tolling the limitations period. *See McNerney v. Mortgage Electronic Registration Systems, Inc*., 2010 WL 3222044 at *7 (N.D. Ohio Aug. 13, 2010); *Ruth I*, 2009 WL 585847 at *11. As the *Ruth I* court explained:

> Plaintiff is thus raising one of two arguments: either that (1) every day Unifund's lawsuit remained pending against her at a time when Unifund allegedly lacked legal capacity to sue represented a continuing FDCPA violation; or (2) alternatively, that every filing or active litigation event occurring in connection with the administration of the Unifund Complaint constituted a new violation.
>
> Not all courts agree that the continuing violation doctrine applies in FDCPA cases.[FN15 omitted] *See Wilhelm v. Credico, Inc*., 455 F.Supp.2d 1006, 1009 (D. N.D.2006) (collecting cases). If applicable, the doctrine provides that the statute of limitations does not begin to run on a continuing wrong until the wrong has been concluded. *Matthews v. Capital One Bank*, 2008 WL 4724277, at *3 (S.D. Ind. Oct. 24, 2008). "The key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts. If there is a pattern, then the suit is timely [ ... ] and the entire course of conduct is at issue." *Joseph v. J.J. MacIntyre Cos*., 281 F.Supp.2d 1156, 1161 (N.D. Cal.2003).
>
> Plaintiff's continuing violation argument focuses on her lack of legal capacity claim. But rather than alleging a repeated pattern of conduct by Defendants, Plaintiff contends that Unifund's filing of suit without legal capacity, and then

6

> mere maintenance of that suit (and performance of common litigation tasks in connection therewith), without remedying its lack of legal capacity, constitutes a continuing violation-such that the filing of the suit was one violation, and the maintenance of the suit, independent of any other specific action by Defendants, was another. Similar contentions have been rejected repeatedly by other courts, and this Court finds Plaintiff's argument equally spurious. "The course of litigation is not, in itself, a 'continuing violation' of the FDCPA." *Schaffhauser v. Burton Neil & Assocs.*, No. 1:05-CV02075, 2008 WL 857523, at *2 (M.D. Pa. Mar. 27, 2008) (citations omitted). "For conduct during litigation to be actionable, a plaintiff must allege [ ... ] that the conduct is a violation of the FDCPA independent of the act of filing suit." *Id*. (*citing Nutter v. Messerli & Kramer*, P.A., 500 F.Supp.2d 1219, 1223 (D. Minn.2007). Assuming *arguendo* that the filing of suit was an actionable FDCPA violation, Plaintiff certainly has not alleged any facts or provided any authority suggesting that it was yet another violation for Unifund to maintain the suit, or to request discovery during the litigation. Having reviewed the relevant authorities, the Court is convinced that it was not.[FN16 omitted] *See Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 Civ. 0990(RWS), 1998 WL 437151, at *3 (S.D. N.Y. Aug. 3, 1998) (rejecting the plaintiff's contention that prosecution of a collection lawsuit, and all the proceedings therein, including the filing of an amended complaint and a motion for summary judgment, constituted continuing violations and holding that all such claims accrued on the date the suit was filed); *Camacho v. Nat'l Credit Adjustment Agency*, 2007 WL 760416, at *2 (E.D. Wash. Mar. 8, 2007) (refusing to apply continuing wrong doctrine to allegations that the defendants mailed the plaintiffs a notice of dishonor, filed suit in state court, served them with the summons and complaint, sent a collection letter, and telephoned to demand payment). Consequently, the Court finds that Plaintiff's FDCPA claim based upon Unifund's alleged lack of capacity is not a continuing violation. It accrued either at the time the complaint was filed or upon perfection of service, and therefore, like Plaintiff's other FDCPA claims, is time-barred.

*Ruth I*, 2009 WL 585847 at *11. Here, the Plaintiffs allege that during a mediation session on January 26, 2011, the Defendants made false representations by "pretending to have a legal right to enforce the note and mortgage." (Doc. No. 12 at 5.) Appearing at a court-ordered mediation in connection with the foreclosure action would be akin to maintaining a lawsuit and would not rise to the level of a violation of the FDCPA independent of the act of filing suit. Defendant Felty merely maintaining a lawsuit is not a continuing violation. *See McNerney*, 2010 WL 3222044 at *7; *Ruth I*, 2009 WL 585847 at *11. Plaintiffs' complaint is, therefore, time-barred unless equitable tolling is applicable

Although not addressed by Plaintiffs, Defendant Ocwen raises the argument that equitable tolling is not applicable. (Doc. No. 14 at 4.) The Sixth Circuit has not ruled on whether equitable tolling applies to claims under the FDCPA. *See, e.g., Ruth v. Unifund CCR Partners,* 604 F.3d 908, 914 (6th Cir. 2010) (*Ruth II)* (the Sixth Circuit leaves for another day the

issue of whether the FDCPA incorporates a discovery rule or permits equitable tolling); *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d at 927 (noting same); *Castleberry v. Neumann Law P.C.*, No. 1:07CV856, 2008 WL 5744179, at *8 (W.D. Mich. Jul. 9, 2008). However, the Supreme Court has stated that limitations periods in federal statutes "are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute." *Young v. United States*, 535 U.S. 43, 49, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002); *see also Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 n. 8 (6th Cir. 2009) (*quoting Young*, in Real Estate Settlement Procedure Act case)); *Somin v. Total Cmty. Mgmt. Corp.*, 494 F.Supp.2d 153, 158-159 (E.D. N.Y. 2007) (finding equitable tolling applies in FDCPA case). The court will accept, for the purposes of these motions, that equitable tolling is applicable in FDCPA actions.

To benefit from equitable tolling, a plaintiff must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. *Lawrence v. Florida*, 549 U.S. 327, 335, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare. *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (*quoting Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (*citing Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir.), *cert. denied*, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001)); *Ruth*, 2009 WL 585847, at *7 ("rare and exceptional"); *Castleberry*, 2008 WL 5744179, at *8 ("applied sparingly"); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (rare and exceptional); *Somin*, 494 F.Supp.2d at158) (same).

Plaintiffs have the burden of persuading the court that they are entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 543 U.S. 865, 125 S.Ct. 200, 160 L.Ed.2d 109 (2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v.*

8

*Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); *Ruth v. Unifund CCR Partners*, 2009 WL 585847, at *7 (N.D. Ohio Mar. 6, 2009); *Castleberry*, 2008 WL 5744179, at *8.

> The following factors are generally considered when the issue of equitable tolling arises:
>
> (1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Chavez v. Carranza*, 559 F.3d 486, 492 (6th Cir.), *cert. denied*, --- U.S. ----, 130 S.Ct. 110, 175 L.Ed.2d 32 (2009) (*citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000)); *King*, 378 F.3d at 553 (*quoting Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)); *Castleberry*, 2008 WL 5744179, at *9. The Supreme Court has noted that equitable tolling also may be permissible "where the [plaintiff] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Ruth*, 2009 WL 585847, at *7 (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 453, 458 (1990)).

In the instant action, the Plaintiffs do not allege that Defendants actively concealed evidence regarding CitiBank's legal capacity to sue. Plaintiffs simply argue that if Defendants had glanced at the documents, they would have realized that the note was payable to ContiMortgage. (Doc. No.12 at 2.) Without more, however, Plaintiffs have not met their burden of proof. Plaintiffs bear the burden of proving entitlement to equitable tolling. Plaintiffs must show that they were tricked or manipulated by Defendants' misconduct into allowing the filing deadline to pass. *Ruth I*, 2009 WL 585847 at *9 (*citing Irwin*, 498 U.S. at 458.) While Defendants did not affirmatively alert Plaintiffs to any false documents, the record bears no indication that Defendants actively concealed evidence relative to CitiBank's legal capacity to sue. Plaintiffs allege that CitiBank lacked such capacity because no allonge was ever indorsed. Plaintiffs, however, have not established that Defendants did anything to prevent them from finding the information on which their lack of capacity claim was based, or to otherwise mislead them into sleeping on their rights.

As the Court has found the instant action time-barred, Defendants' remaining arguments regarding the FDCPA claims will not be addressed.

**B. OSCPA**

The Plaintiffs also allege a violation of the OSCPA. Specifically, Plaintiffs contend that Defendants made "false or misleading representations to the Plaintiffs which were unfair and deceptive practices in violation of R.C. 1345.02(B)(10) because Defendants represented to the Plaintiffs that a legal obligation existed to the foreclosing Plaintiff when that was false." (Doc. No. 1-1 at ¶ 41.) Defendant Ocwen maintains that claims under OSCPA must be brought within two years from the date of any violation. (Doc. No. 4 at 8-9.) Both Defendants assert that the OSCPA is not applicable to them and that the complaint fails to state a claim under federal pleading standards. (Doc. Nos. 4 at 9; 6 at 10-11.)

The OSCPA "prohibits suppliers from committing either unfair or deceptive consumer sales or practices." *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 845 N.E.2d 791, 800 (2005). Pursuant to O.R.C. § 1345.10(C), consumers may not bring claims under OSCPA "more than two years after the occurrence of the violation which is the subject of the suit." The relevant state foreclosure action was filed on May 11, 2010, with service effected on May 28, 2010. The instant action was filed on January 26, 2012, which falls within the two year period. As such, Plaintiffs' OSCPA claim is not time-barred.

The Court notes that the application of OSCPA to these Defendants is currently an open question in Ohio. As Defendant Ocwen contends, a certified question is pending before the Ohio Supreme Court as to whether servicers of residential mortgage loans are exempt from the OSCPA. The Ohio Supreme Court has certified three questions of state law from the Northern District of Ohio on this issue:

> 1. Does the servicing of a borrower's residential mortgage loan constitute a 'consumer transaction' as defined in the Ohio Consumer Sales Practices Act., R.C. 1345.01(A)?
>
> 2. Does the prosecution of a foreclosure action by a mortgage servicer constitute a 'consumer transaction' as defined in the Ohio Consumer Sales Practices Act., R.C. 1345.01(A)?
>
> 3. Is an entity that services a residential mortgage loan, and prosecutes a foreclosure action, a 'supplier ... engaged in the business of effecting or soliciting consumer transactions' as defined in the Ohio Consumer Sales Practices Act., R.C. 1345.01(C)?

*State ex rel. DeWine v. GMAC Mortg. L.L.C.*, 129 Ohio St.3d 1446 (2011). Thus, Ohio law is not settled as to the Defendants' liability under the OSCPA. A better solution is to remand this claim to state court where it was originally filed. Furthermore, applying federal pleading standards to the remaining OSCPA claim could result in an unfair outcome. Since Ohio law allows for simple notice pleading, it is better here to leave the issue to the state court.

The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction." *Pinney Dock & Transp. Co. v. Penn. Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999). Having determined that Plaintiffs' FDCPA claims, which were the sole source of original jurisdiction should be dismissed, the Court exercises its discretion under 28 U.S.C. § 1367(c)(3) and declines supplemental jurisdiction over Plaintiffs' state law claims. *See Ruth I; Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("a federal court that has dismissed a plaintiff's federal claims should not ordinarily reach the plaintiff's state-law claims"); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004) ("when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed"); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since this case was removed to federal court, the remaining claim is appropriately remanded to the Cuyahoga County Common Pleas Court where it originated.

### C. Other Pending Motions

On April 24, 2012, Plaintiffs filed a motion to file a sur-reply brief. (Doc. No. 16.) The Court reviewed the motion and hereby denies the request as Plaintiffs presented no additional information in support of their burden regarding the statute of limitations. As such, Defendant Felty's motion to strike Plaintiffs' motion to file a sur-reply brief is denied as moot. (Doc. No. 17.)

Defendant Felty also filed a motion to strike paragraphs 5, 19-25, 31, and 41 of Plaintiffs' complaint. (Doc. No. 5.) Defendant Felty's motion deals with the confidentiality of the mediation statements, also a matter of state law. As the Court is dismissing the FDCPA claims

11

with prejudice, the Court hereby denies the motion to strike and will remand the complaint as written, save the dismissed count one, the FDCPA claim.

### V. Conclusion

Based upon the foregoing discussion, the Court finds that the FDCPA claims alleged in the complaint are barred by the applicable statute of limitations. Accordingly, Defendants' motion to dismiss the FDCPA claims on statute of limitations grounds is hereby granted. The FDCPA claims provided the sole basis for this Court's original jurisdiction, and, under the circumstances, the Court exercises its discretion to decline supplemental jurisdiction. Because the Court declines supplemental jurisdiction, it expresses no opinion regarding the plausibility of Plaintiffs' OCSPA claim. The Court's ruling pertains solely to the statute of limitations arguments relative to the alleged violations. This case is remanded to the Cuyahoga County Common Pleas Court.

IT IS SO ORDERED.

                                                       s/ Greg White
                                                      United States Magistrate Judge

Date: May 16, 2012